UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMR MOHSEN,

           Petitioner,

v.

CHARLES INGRAM,

           Respondent.

Case No. C17-0817-RSL-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Amr Mohsen is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington (FDC SeaTac). He has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' (BOP) refusal to file a motion for compassionate release on his behalf under 18 U.S.C. § 3582(c)(1)(A)(i). Petitioner maintains that the BOP has exceeded its statutory authority by adopting official polices for compassionate release/reduction in sentence, and for categorization of offenses, which are contrary to federal statutes, controlling law, and Congress's clear intent. Petitioner seeks declaratory relief and an order directing the BOP to file a motion on his behalf under § 3582. Respondent has filed a motion to dismiss petitioner's petition, and petitioner has filed a response to respondent's motion. Petitioner has also filed a motion to seal

REPORT AND RECOMMENDATION
PAGE - 1

one of the exhibits to his federal habeas petition. Respondent has not opposed that motion.

After careful consideration of the petition, respondent's motion to dismiss, petitioner's response to the motion to dismiss, and the balance of the record, this Court concludes that respondent's motion to dismiss should be granted, and that petitioner's petition for federal habeas relief and this action should be dismissed with prejudice. Petitioner's motion to seal exhibit five to his federal habeas petition should also be granted.

## FACTS

On January 11, 2007, petitioner was sentenced in the United States District Court for the Northern District of California to a term of 204 months confinement following his conviction on charges of conspiracy to obstruct justice and commit perjury, perjury, subornation of perjury, mail fraud, obstruction of justice, contempt of court, attempted witness tampering, and solicitation to commit arson. *See United States v. Amr Mohsen*, CR03-95-WBS, Northern District of California. Petitioner appealed his conviction to the United States Court of Appeals for the Ninth Circuit, and his conviction was affirmed on November 25, 2009. *United States v. Mohsen*, 587 F.3d 1028 (9th Cir. 2009). Petitioner thereafter sought relief from his conviction under both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 without success. (*See* Dkt. 3 at 4.) Petitioner's current projected release date is January 16, 2019.[1] (*See id*. at 10; www.bop.gov.)

On December 28, 2016, petitioner submitted to the warden at FDC SeaTac a request to be considered for a compassionate release pursuant to BOP Program Statement 5050.49, Section 4.c (Other Elderly Inmates) and 18 U.S.C. § 3582(c)(1)(A). (*See* Dkt. 4-2 at 6.) That request was

---

[1] Respondent, in his motion to dismiss, incorrectly identifies petitioner's release date as July 17, 2017. (*See* Dkt. 12 at 2.) It is unclear where this date was obtained, but it is inconsistent with the information provided at www.bop.gov, the source cited by respondent. (*See id*.)

REPORT AND RECOMMENDATION
PAGE - 2

denied by the warden on April 7, 2017 on the grounds that petitioner had been convicted of a crime of violence; *i.e.* solicitation to commit arson, and his release could therefore "pose a danger to the safety of any other person or the community." (*See id.*) Petitioner thereafter submitted an administrative remedy appeal of the denial of his request for compassionate release to the warden, and the appeal was denied on April 24, 2017 for the same reasons identified in the denial of petitioner's original request for compassionate release. (*See* Dkt. 3 at 15; Dkt. 4-2 at 3-4.) Petitioner next submitted an administrative remedy appeal to the Western Regional Office which apparently remained pending as of the date petitioner filed his federal habeas petition.[2] (*See* Dkt. 3 at 9; Dkt. 4-2 at 1.)

## DISCUSSION

The BOP has long had authority to seek a reduction in sentence on behalf of an inmate in BOP custody, a so-called "compassionate release." Prior to 1987, compassionate release of federal prisoners was governed by 18 U.S.C. § 4205(g) which provided that "[a]t any time upon motion of the [BOP], the court may reduce any minimum term to the time the defendant has served." In 1987, the statute was repealed and replaced with 18 U.S.C. § 3582(c)(1)(A)(i), which provides in relevant part that the "the court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the [BOP], may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

Based on this broad grant of discretion, courts have generally held that the BOP's decision regarding whether or not to file a motion for compassionate release under § 3582(c)(1)(A)(i), or

---

[2] Respondent, in his motion to dismiss, expressly waived any failure by petitioner to exhaust administrative remedies. (*See* Dkt. 12 at 3.)

its predecessor statute § 4205(g), is not judicially reviewable. *See Simmons v. Christensen*, 894 F.2d 1041, 1042-43 (9th Cir. 1990); *see also*, *Crowe v. United States*, 430 Fed. Appx 484 (6th Cir. 2011); *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991); *Turner v. U.S. Parole Commission*, 810 F.2d 612, 615 (7th Cir. 1987).

Respondent argues that because Congress gave the BOP absolute discretion in deciding whether to file a motion for compassionate release, the BOP's decision in petitioner's case is unreviewable and, thus, petitioner's federal habeas petition should be dismissed. (Dkt. 12 at 7.) Petitioner concedes in his petition that the BOP's decision not to file a motion for a reduction in his sentence is not reviewable. (Dkt. 3 at 11.) He argues, however, that the policies adopted by the BOP in its program statements implementing § 3582(c)(1)(A) are subject to judicial review if those policies are contrary to federal statutes or established law, or if they exceed the BOP's statutory authority. (*See id.*)

The BOP's procedures for implementation of § 3582(c)(1)(A) are set forth in BOP Program Statement 5050.49. That Program Statement details, among other things, how requests for a motion under § 3582(c)(1)(A) are initiated, the types of requests which may be made, the criteria for the various types of requests, and the factors the BOP considers in evaluating each inmate request. *See* Program Statement 5050.49. The Program Statement specifically provides that for each request for a reduction in sentence, "the BOP should consider whether the inmate's release would pose a danger to the safety of any other person or the community." *See* Program Statement 5050.49, Section 7. It is this language which appears to be at the heart of petitioner's challenge to the BOP's denial of his request for compassionate release.

Petitioner maintains that the language cited above from Section 7 of the Program Statement is contrary to both § 3582(c)(1)(A)(i) and § 1B1.13 of the United States Sentencing Guidelines

REPORT AND RECOMMENDATION
PAGE - 4

(U.S.S.G.) which he claims vest authority in the sentencing court, and not the BOP, to make determinations regarding dangerousness. (*See* Dkt. 3 at 11.) Petitioner cites, in particular, to language in U.S.S.G. § 1B1.13(B) which provides that upon motion of the BOP, the court may reduce a term of imprisonment if the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." (*See* Dkt. 3 at 11.) Notably, petitioner does not cite to any similar offending language in § 3582(c)(1)(A)(i) for the simple reason that it does not exist. Petitioner nonetheless argues that this Court has jurisdiction to order the BOP to delete the offending statement from Program Statement 5050.49, Section 7, given that Congress expressed a different intent in the Sentencing Guidelines. (*See* Dkt. 3 at 11-12.)

As respondent correctly points out, while Congress did direct the Sentencing Commission to adopt a policy statement to guide a sentencing court's discretion in determining when "extraordinary and compelling reasons" exist to grant a reduction in sentence once a motion is filed, *see* 28 U.S.C. § 994(t), neither that statute nor § 3582(c)(1)(A) requires the BOP to follow that policy statement in deciding whether to file a motion in the first instance. And, in fact, the Sentencing Commission expressly acknowledged in its statement of reasons for adopting the most recent amendments to § 1B1.13 that the policy statement set forth therein had no binding effect on the BOP and conferred no rights to defendants. *See* U.S.S.G. Supplement to Appendix C, Amendment 799, at 136-37 (effective Nov. 1, 2016).

Given the express statement by the Sentencing Commission that the amendments to §1B1.13 do not bind the BOP, and given that § 3582(c)(1)(A)(i) does not establish *any* criteria for when or how the BOP is to exercise its discretion in filing a motion for compassionate release, much less criteria related to specific findings of dangerousness, petitioner's claim that the BOP

REPORT AND RECOMMENDATION
PAGE - 5

exceeded its statutory authority and Congress' intent in adopting the language contained in Section 7 of Program Statement 5050.49 fails.

Petitioner challenges a second Program Statement in his petition as well, that pertaining to the BOP's categorization of offenses, Program Statement 5162.05. In particular, petitioner takes issue with the categorization of solicitation offenses under 18 U.S.C. § 373 as crimes of violence, and he claims that this designation, found in Policy Statement 5162.05, Section 3, is contrary to federal law. Petitioner once again argues that this Court has jurisdication to order the BOP to delete the offending provision. Petitioner bases his argument on recently decided cases which struck down as unconstitutionally vague language in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), regarding what constitutes a "violent felony," *see Johnson v. United States*, 135 S.Ct. 2551 (2015), and language in 18 U.S.C. § 16(b) regarding what constitutes a "crime of violence," *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

Petitioner fails to demonstrate, however, that these cases in any way affect the validity of a BOP Policy Statement which categorizes offenses for purposes of implementation of various BOP policies and programs. Moreover, it is worth noting again that § 3582(c)(1)(A)(i) does not establish *any* criteria for when or how the BOP is to exercise its discretion in filing a motion for compassionate release. Thus, the suggestion that internal policies adopted by the BOP to guide the exercise of its discretion are subject to challenge by way of a federal habeas action is without merit.

CONCLUSION

Based on the foregoing, this Court recommends that respondent's motion to dismiss be granted, and that petitioner's petition for federal habeas relief and this action be dismissed with prejudice. This Court further recommends that petitioner's motion to seal exhibit 5 to his federal

REPORT AND RECOMMENDATION
PAGE - 6

habeas petition be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 24, 2017**.

DATED this 1st day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge