UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMR MOHSEN,<br><br>            Petitioner,<br><br>    v.<br><br>CHARLES INGRAM,<br><br>            Respondent. | Case No. C17-00817RSL<br><br>ORDER DISMISSING<br>FEDERAL HABEAS<br>ACTION |

This matter comes before the Court on petitioner's objections to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. Dkt. #19. Petitioner filed this habeas petition under 28 U.S.C. § 2241, Dkt. #3, seeking a declaration that two Bureau of Prisons (BOP) program statements are contrary to law and an order directing BOP to file a compassionate-relief motion on petitioner's behalf. See 28 U.S.C. § 3582(c)(1)(A)(i). Having reviewed the parties' filings, the Report and Recommendation, and the remainder of the record, the Court finds as follows.

Petitioner argues BOP exceeded its statutory authority and Congress's intent in adopting the following language in Program Statement 5050.49: "the Bureau of Prisons (BOP) should consider whether the inmate's release would pose a danger to the safety of any other person or the community." Petitioner argues the language is contrary to both 18 U.S.C. § 3582(c)(1)(A)(i) and U.S. Sentencing Guidelines § 1B1.13 because those provisions, read in conjunction, vest the Court with the sole power to determine petitioner's dangerousness in its consideration of a motion of to reduce the term of imprisonment. While petitioner is correct that the Court is

ORDER DISMISSING FEDERAL HABEAS ACTION - 1

directed to consider dangerousness, he is incorrect that such consideration by the Court is to the exclusion of initial consideration by the BOP. The Court cannot consider a motion for compassionate release until the BOP brings such a motion. See United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) (explaining that § 3582 provides an "express rule to the contrary" limiting district courts' inherent authority in the context of sentence modification, and that district courts can therefore only modify sentences pursuant to this statute). It is within BOP's discretion to establish its own criteria for filing those motions.

Petitioner also argues BOP Program Statement 5050.49 is not consistent with a policy statement in United States Sentencing Guidelines Manual. See U.S. Sentencing Comm'n, Guidelines Manual § 1B1.13 cmt. 4 (Nov. 2016) (USSG). The Guidelines are not binding legislation or expressions of congressional intent, but rather policies and practices promulgated by the U.S. Sentencing Commission, an independent commission in the judicial branch. See 28 U.S.C. §§ 991(a), (b). Additionally, by its own language, the policy statement to which petitioner refers states that it "shall not be construed to confer upon the defendant any right not otherwise recognized in law." USSG § 1B1.13 cmt. 4. That policy statement does not bind BOP, and its alleged inconsistency with BOP policy is inconsequential.

Petitioner also raises what is essentially a Johnson claim. Petitioner challenges the designation of one of petitioner's convictions (solicitation to commit arson under 18 U.S.C. § 373) as a crime of violence in BOP Program Statement 5162.05 § 3(a)(1). Program Statement 5162.05 categorizes offenses for purposes of determining eligibility for BOP programs such as drug treatment and compassionate release. In the so-called Johnson arena, Ninth Circuit precedent suggests that a specific statutory definition of "crime of violence" can be unconstitutionally vague. See Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015), cert. granted, 137 S.Ct. 31 (2016). That specific statutory definition encompasses 18 U.S.C. § 373. See Prakash v. Holder, 579 F.3d 1033, 1036–37 (9th Cir. 2009). Under the Johnson standard, violent crime definitions are unconstitutionally vague when they leave "grave uncertainty" as to what qualifies. See Johnson v. United States, 135 S. Ct. 2551, 2557–58 (2015). Program Statement 5162.05 makes no mention of the statutory definition considered in Dimaya, let alone

ORDER DISMISSING FEDERAL HABEAS ACTION - 2

in the context of categorizing soliciting to commit a violent act. See generally Bureau of Prisons Program Statement 5162.50. Further, the Program Statement does not provide a definition of crime of violence, as might be susceptible under Johnson, but rather an enumerated list of crimes. Id. Inclusion in an enumerated list is not unconstitutionally vague as it is readily certain what the BOP includes as a crime of violence. Whatever vitality this Johnson issue may have for sentencing judges, it has no application in the BOP's decision about what it designates as a crime of violence.

Petitioner requests that the Court order the BOP to file a motion for compassionate relief on his behalf under 28 U.S.C. § 3582(c)(1)(A)(i). As the statute grants the BOP broad discretion, the BOP's decision whether to file a motion for compassionate release is not judicially reviewable. See Crowe v. United States, 430 F. App'x 484, 484–85 (6th Cir. 2011); Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990). Courts cannot decide such matters until the BOP files a motion. See Barragan-Mendoza, 174 F.3d at 1028. Therefore, it is beyond the powers of this Court to order the BOP to file a motion for compassionate release on petitioner's behalf.

For the foregoing reasons, the Court does hereby find and ORDER:

(1) The Report and Recommendation is approved and adopted;

(2) Respondent's motion to dismiss petitioner's petition for writ of habeas corpus (Dkt. #12) is GRANTED. Petitioner's petition (Dkt. #3) and this action are DISMISSED with prejudice;

(3) Petitioner's motion to seal exhibit five to his federal habeas petition (Dkt. #4) is GRANTED; and

(4) The Clerk is directed to send copies of this Order to petitioner and to the Honorable Mary Alice Theiler.

ORDER DISMISSING FEDERAL HABEAS ACTION - 3

1     DATED this 5th day of February, 2018.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING FEDERAL HABEAS ACTION - 4